# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| JOHN BRANDON LACEY, ) | Cause No. CV 10-47-BU-RFC-CSO |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | RECOMMENDATION OF |
| HEAD JAILER, GALLATIN ) | U.S. MAGISTRATE JUDGE |
| COUNTY; HEAD JAILER, ) | |
| BROADWATER COUNTY; ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF MONTANA, ) | |
| ) | |
| Respondents. ) | |

On September 13, 2010, Petitioner John Lacey filed this action for writ of habeas corpus under 28 U.S.C. § 2241.  Lacey is a pretrial detainee proceeding pro se.

## I.  28 U.S.C. §§ 2241 and 2254

Lacey used this Court's standard form for petitions under 28 U.S.C. § 2254.  Because Lacey is not in custody pursuant to "the judgment of a State Court," § 2254(a), but is a pretrial detainee, § 2241(c)(3) applies.

Stow v. Murashige, 389 F.3d 880, 885 (9th Cir. 2004); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

The Court will apply the Rules Governing § 2254 Cases in the United States District Courts.   Rule 1(b), § 2254 Rules.   Rule 4 requires preliminary screening of habeas petitions to determine whether Respondent ("the State") must file an Answer.

## II.  Lacey's Allegations

Lacey asserts that his federal right to a speedy trial was violated by a delay of eight and a half years between the filing of charges against him in Gallatin County on April 7, 1999, and his arrest in Flagstaff, Arizona, on November 8, 2007.  He was tried in October 2008 and convicted.  He appealed, presenting the speedy trial issue and contesting the trial court's ruling on a motion in limine.  The Montana Supreme Court rejected his speedy trial challenge but agreed that evidence was erroneously admitted. On January 19, 2010, it remanded his case for a new trial.  State v. Lacey, 224 P.3d 1247, 1251-54 ¶¶ 13-26, 1256 ¶ 34 (Mont. 2010).  Trial is set for October 12, 2010.

Lacey asks this Court to stay the upcoming trial and "overturn my

conviction," Pet. (doc. 1) at 6 ¶ 18, a request that must be construed as one for an order dismissing the pending charges with prejudice. <u>McNeely</u>, 336 F.3d at 832.

## III.  Analysis

Although the Montana Supreme Court has had an opportunity to address the speedy trial claim, it would be premature, as a jurisprudential matter, to address Lacey's claim now.  Under the rule of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." <u>Id.</u> at 45.

Even in ordinary circumstances, injunctive relief is not available unless the petitioner can show that he will suffer "irreparable injury" absent injunction.  Where an injunction is sought against ongoing state proceedings, the standard is even higher:

> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate.  Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that

cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (internal citation and quotation marks omitted).

Retrial of a criminal defendant who prevails on appeal and obtains a new trial generally does not constitute a second prosecution.  United States v. Ball, 163 U.S. 662, 672 (1896); Green v. United States, 355 U.S. 184, 189 (1957).  Lacey does not contest the sufficiency of the evidence adduced at the first trial.  Burks v. United States, 437 U.S. 1, 10-11 (1978). Therefore, though Lacey faces a new trial in October 2010, he is still in the midst of a "single criminal prosecution."

It is not impossible for a federal court to stop state proceedings because they have simply taken too long:

> [U]nusual delay in the state courts may justify a decision to protect a prisoner's right to a fair and prompt resolution of his constitutional claims despite the jurisprudential concerns that have led us to decline to review a claim or to require full exhaustion in other cases in which a proceeding related to the federal petition is pending in state court.

Phillips v. Vasquez, 56 F.3d 1030, 1035 (9th Cir. 1995).  Such cases are truly extraordinary.  In Phillips, a capital case, the prisoner sought to challenge in federal court the constitutionality of his state conviction.  He

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

was convicted in 1980.  His conviction was affirmed on appeal but his death sentence was reversed in 1985.  The sentence was reimposed in 1992, and his direct appeal on resentencing was pending in the California Supreme Court.  The court found "no indication that Phillips' appeal from his sentence will be decided anytime in the near future."  Id. at 1032. Consequently, it permitted him to proceed with a federal habeas petition challenging his conviction.  It did not stay or dismiss the state proceedings. Id. at 1037-38.

In McNeely, the prisoner was arrested on April 13, 1998, and had not had even a *preliminary hearing* at the time the Ninth Circuit ordered dismissal of the charges on April 18, 2003.  Further, the state court's record was skeletal, ambiguous, revealed no explanation for long periods of delay, and, where it was intelligible, contradicted the State's explanations for delays.  Id. at 827-31.

Most importantly, both Phillips and McNeely involved extended delays by the state courts.  Here, as in Edelbacher v. Calderon, "[t]here is no indication that the state court has been ineffective."  160 F.3d 582, 586 (9th Cir. 1998).  "[T]he ordinary procedures for criminal prosecution are

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

designed to move at a deliberate pace." <u>United States v. Ewell</u>, 383 U.S. 116, 120 (1966), <u>quoted in</u> <u>Barker v. Wingo</u>, 407 U.S. 514, 521 n.15 (1972). Lacey's first trial commenced within a year of his arrest, his appeal was decided within sixteen months after that, and his retrial is scheduled to begin less than 30 days from now.

The delay to which Lacey objects concluded with his arrest on November 8, 2007.  Consequently, his situation at the moment is no different than that of any other detainee awaiting trial who believes constitutional error has already occurred and, as a result, any resulting conviction will be invalid.  <u>E.g.</u>, <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) (under authority of <u>Younger</u>, declining to entertain a petition claiming that the state lacked probable cause to bind a defendant over for trial when proceedings against defendant were ongoing in state court).  In <u>Drury</u>, the court wrote that "[a]pparent finality of one issue is not enough" to entitle a defendant "to have federal interposition by way of injunction or habeas corpus until after the jury comes in." <u>Id</u>.

In view of the lack of delay in the state courts, it is inappropriate for this Court to consider the merits of Lacey's speedy trial claim at this time.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

He will not be prejudiced by dismissal of his § 2241 petition.  Yellowbear v. Wyoming Attorney General, 525 F.3d 921, 925 (10th Cir. 2008) (holding that dismissal of first habeas petition under § 2241 does not make later petition under § 2254 "second or successive" within the meaning of § 2244(b)) (following Jacobs v. McCaughtry, 251 F.3d 596, 597-98 (7th Cir. 2001) (per curiam)).  If he is convicted, he may raise the speedy trial claim following the conclusion of proceedings in the state courts.

## IV. Certificate of Appealability

A certificate of appealability is required for habeas petitions under § 2241 challenging pretrial detention.  Wilson v. Belleque, 554 F.3d 816, 824 (9th Cir. 2009).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), § 2254 Rules.  A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998).  Where, as here, a claim is dismissed on procedural grounds, the applicant must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Lambright v. Stewart, 220 F.3d

1022, 1026 (9th Cir. 2000) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

"[T]he standard for obtaining a COA is not a particularly exacting one." <u>Wilson</u>, 554 F.3d at 826. Lacey has made a substantial showing that the pre-arrest delay of eight and a half years violated his right to a speedy trial, but the procedural ruling is clearly controlled by <u>Younger</u>. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of Court shall mail Lacey's service copy of this Order to both the Gallatin County Jail and the Broadwater County Jail.

The Court also enters the following:

## RECOMMENDATION

1.   The Petition (doc. 1) should be DISMISSED WITHOUT PREJUDICE.

2.   The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3.   A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.   A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.   Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Lacey must immediately inform the Court of any change in his mailing address.   Failure to do so may result in dismissal of this action without notice to him.   If Lacey prefers that the orders of this Court be served on his trial counsel, he may provide that mailing address.

DATED this 21st day of September, 2010.


/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge